IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 04-10255-JWB
                                                                 05-10052-JWB

LARRY RAIFSNIDER,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for relief from final judgment. (Doc. 122.)[1] The government opposes the motion. (Doc. 124.) The motion is DENIED for the reasons stated herein.

**I.**     **Facts and Procedural History**

The procedural history of this case is set forth extensively in the government's response to Defendant's motion. (Doc. 124.) In summary, Defendant was charged in this district with several crimes, including kidnapping, felon in possession of a firearm, and a violation of 18 U.S.C. § 924(c). Defendant was also charged in the Central District of Illinois with bank fraud. The Illinois case was transferred to this district by consent. After entering a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C), Defendant was sentenced to a term of thirty years in both cases, to run concurrently. (Doc. 19.) Defendant was also ordered to pay restitution in both cases under 18 U.S.C. § 3663A. Defendant timely filed a petition under 28 U.S.C. § 2255 in which he raised several arguments. (Doc. 38.) The court denied his motion after an evidentiary hearing. (Doc.

---

[1] In Case No. 05-10052, Defendant filed an identical motion at Doc. 68.

1

59.)  Although Defendant appealed, the Tenth Circuit denied his application for a certificate of appealability and dismissed the appeal.  (Doc. 73.)

Defendant has subsequently filed several motions attempting to attack his sentence.  (Docs. 76, 79, 97.)  In 2018, the Tenth Circuit granted Defendant authorization to file a successive § 2255 motion seeking to vacate his sentence imposed in the Kansas case for his conviction under 18 U.S.C. § 924(c) based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).  (Doc. 109.)  Defendant's restitution was not at issue in his successive § 2255 motion.  (*See* Doc. 101.)  Instead of filing a response to the motion to vacate, the government filed an unopposed motion to dismiss the § 924(c) charge.  (Doc. 116.)  Defendant then filed an unopposed motion to vacate and resentence him to 23 years imprisonment on both cases.  (Doc. 117.)  In that motion, Defendant did not ask the court to vacate the restitution ordered in both cases nor did he ask for a hearing on the restitution.  Defendant waived his right to be resentenced in person.  (Doc. 118.)  On March 30, 2020, the court found Defendant's § 2255 motion moot, granted the motion to vacate, and resentenced Defendant to 23 years on both cases to run concurrently.  (Doc. 119.)  The court entered an amended judgment in both cases reflecting the new sentence and reentered the restitution judgment.  (Doc. 120.)[2]

On March 2, 2022, Defendant filed a motion for relief from final judgment.  Defendant asserts that the court erred by failing to hold a hearing on restitution and in entering a restitution order without considering his financial condition.

## II.     Analysis

Defendant moves for relief from final judgment pursuant to Fed. R. Civ. P. 60(b)(6) and 60(d).  Defendant asserts that the court should vacate the amended judgment because the court

---

[2] The amended judgment is Doc. 66 in Case No. 05-10052.

erred in reinstating the restitution award when entering the amended judgment. Defendant argues that he has no other remedy other than proceeding under Rule 60. In response, the government argues that Defendant has previously brought a motion under Rule 60 and has been informed that it is improper because this is a criminal action.

As discussed in a prior ruling, Federal Rule of Civil Procedure 60 applies to civil proceedings. *See United States v. Raifsnider*, 533 F. App'x 862 (10th Cir. 2013). Defendant was resentenced in his criminal cases after the court granted the government's motion to dismiss the § 924(c) count. Therefore, Rule 60 is inapplicable to the amended judgments in Defendant's criminal cases. *See Raifsnider*, 533 F. App'x at 862 ("On appeal, Raifsnider argues, inter alia, that the district court erred in concluding Rule 60 is only applicable in civil proceedings. The district court's conclusion, however, is undeniably correct.") (citing *United States v. McCalister*, 601 F.3d 1086, 1087–88 (10th Cir. 2010)).

Defendant cites no further basis to challenge this court's amended judgment in these cases. Moreover, contrary to Defendant's assertions regarding his initial sentencing proceeding, the court addressed the mandatory restitution at the initial sentencing proceeding. (Doc. 57.) Although the court vacated the § 924(c) charge on resentencing, Defendant remains convicted of kidnapping in the Kansas case and bank fraud in the Illinois case. Both charges are subject to mandatory restitution for the reasons set forth in the government's response.

### III. Conclusion

Defendant's motion for relief from final judgment (Doc. 122) is DENIED.[3]

IT IS SO ORDERED. Dated this 18th day of May 2022.

__s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[3] Defendant's motion filed in Case No. 05-10052 (Doc. 68) is denied.